## CIRCUIT COURT OF FAIRFAX COUNTY

Army-Navy Country Club

v.

City of Fairfax

December 13, 2011

Case No. CL-2010-18136

By Judge Jane Marum Roush

This matter came on for a hearing on December 2, 2011, on the Plaintiff's Motion in Limine to Exclude Defendant's Expert Witnesses and the Defendant's opposition to that motion. For the reasons stated below, the motion will be denied.

Plaintiff Army-Navy Country Club seeks correction of allegedly erroneous tax assessments for the years 2007 to 2010 of approximately 231 acres of real property it owns in the City of Fairfax (the "Property"). The Property has been used for many years as a golf course.

Plaintiff has moved to exclude the testimony of the City of Fairfax's expert witnesses Oakleigh Thorne, M.A.I., and Theodore Britt, P.E. Mr. Thorne is a licensed appraiser. He will opine that the highest and best use of the Property is as a residential subdivision consisting of home lots, a neighborhood clubhouse, two swimming pools, two tennis courts, and a pavilion. Mr. Britt is an engineer who will opine that the Property can be subdivided into 361 residential lots.

Plaintiff argues that Mr. Thorne's testimony should not be admitted because the development of the Property for residential uses is speculative and prospective. According to the defendant, Mr. Thorne's opinion that the Property's highest and best used is for residential subdivision lots is not speculative because the Property can be developed for residential uses today as a matter of right.

The Constitution of Virginia provides that "[a]ll assessments of real estate and tangible personal property shall be at their fair market value."

Va. Const., art. 10, § 2 (1971). Fair market value of real property is "the *present actual value of the land* with all its adaptions to general and special uses, and not its prospective, speculative, or possible value, based on future expenditures and improvements." *Fruit Growers Express Co. v. City of Alexandria*, 216 Va. 602, 609, 221 S.E.2d 157 (1976) (emphasis in original).

In *Appalachian Power Co. v. Anderson*, 212 Va. 705, 187 S.E.2d 148 (1972), a condemnation case, the Supreme Court of Virginia opined:

> The measure of compensation for property taken is the fair market value of the property at the time of the taking. . . . It is the present actual value of the land with all its adaptations to general and special uses, and not its prospective, speculative, or possible value, based on future expenditures or improvements, that is to be considered. Compensation should be awarded upon the basis of the most advantageous and valuable use of the land, or, stated differently, its highest and best use, having regard to the existing business demands of the community or such as may reasonably be expected in the near future.

*Id.* at 708.

In order to determine the highest and best use of real property, the use considered must be reasonably probable and immediate. See *Arlington County Bd. v. Ginsberg*, 228 Va. 633, 325 S.E.2d 348 (1985).

In arguing that the use of the Property as a residential subdivision is too speculative to be admissible, the plaintiff relies on the cases of *Fruit Growers* and *Anderson*. Both of those cases involved the determination of fair compensation for condemnation of land.

In *Fruit Growers*, the Supreme Court of Virginia disapproved of an approach to valuation of raw land that is known as the "developmental" or "development cost" approach. That approach determines the value of land by "deducting the estimated costs of developing that land to a particular use from the income expected from the sale or lease of that land when finished for such use." 216 Va. at 607. The Court opined that a "[v]aluation based on potential income which might be realized from the utilization by the owner of the property in a manner of which it is capable (but of which he has not yet availed himself) has generally been rejected on the ground that such income is too uncertain and conjectural to be acceptable." *Id., quoting* 4 Nichols, *The Law of Eminent Domain*, § 12.312[2] (3d ed. rev. 1975).

In *Anderson*, the owners of a tract of raw land introduced into evidence a plat that was prepared after the take, showing the land subdivided as a trailer park. The Court ruled that it was improper to value the property on a per lot basis, as the "cost factor is too speculative." 212 Va. at 711.

In this case, the City of Fairfax's expert Mr. Thorne does not use the "development cost" basis of appraisal, nor does he value the Property on a per lot basis. He does not use the "income capitalization" approach. Instead,

using the comparative sales approach, he has arrived at an opinion of the over-all value of the Property given that it could be developed as a matter of right for residential uses.

In *Fruit Growers*, the Virginia Supreme Court quoted with approval the following passage from *Nichols on Eminent Domain*:

> [T]he owner may offer a plan showing a possible scheme of development for the purpose for which it is most available, provided it appears that the likelihood of demand for the property for that purpose is such as to affect market value. He cannot, however, go further and describe in detail to the jury a speculative enterprise for which in his opinion (or that of some expert) the land might be used, and base his estimate of value upon the profits which he would expect to derive from the enterprise. In other words, *he cannot capitalize the projected earnings of a non-existent enterprise or projected use.* The owner cannot, for example, introduce evidence of the return that he would derive from cutting up a vacant tract of land into building lots, since this would involve pure conjecture as to how fast the lots would be sold and the price that each would bring; *and the details of a possible improvement of the land, and its value, or the expected profits or rentals after such improvement was completed are equally inadmissible,* for the same reason.

216 Va. at 608, *quoting* 5 Nichols, *The Law of Eminent Domain*, § 18.11[2] (3d ed. rev. 1975) (emphasis added by Supreme Court of Virginia).

Similarly, in *Anderson*, the Supreme Court of Virginia quoted with approval a North Carolina case, in which the court opined:

> It is proper to show that a particular tract of land is suitable and available for division into lots and is valuable for that purpose, but it is not proper to show the number and value of lots as separated parcels in an imaginary subdivision thereof. In other words, it is not proper for the jury in these cases to consider an undeveloped tract of land as though a subdivision thereon is an accomplished fact. Such undeveloped property may not be valued on a per lot basis. The cost factor is too speculative.

*Anderson, supra,* at 711, *citing Barnes v. North Carolina State Highway Commission,* 250 N.C. 378, 388-89, 109 S.E.2d 219, 228 (1959).

In this case, the court concludes that Mr. Thorne's expected testimony is not barred because his opinion that the highest and best use of the Property is as a residential subdivision is too speculative. Instead, his opinion is no more than that the Property "is suitable and available for division into lots and is valuable for that purpose."

In that Mr. Thorne's expected testimony is not unduly speculative, Mr. Britt, the engineer, will be permitted to testify how many developable lots the Property may be expected to yield. Neither expert will be permitted to assign a per lot value to the Property.

For the reasons stated, the Plaintiff's Motion in Limine will be denied.